# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WAYNE EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL CASE NO.   02-1196-MJR-PMF** |
| | ) | |
| **DONALD SNYDER, JR. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to dismiss Count II, filed by all defendants (Doc. Nos. 49, 53, 56, 59, 79, 84, 88, 116, 117).  Count II is a state law negligence claim arising from acts and omissions between December, 2000, and July, 2001.  Plaintiff alleges that, while he was confined at Big Muddy Correctional Center, he suffered a compound, open fracture and dislocation of the middle finger on his right hand.  The defendants failed to provide or arrange for appropriate and prompt medical care.  Specifically, plaintiff maintains that emergency treatment should have been provided, along with further diagnostic testing, more complete evaluation, and different treatment. The motions are opposed (Doc. Nos. 92, 93, 94, 95, 99, 100, 102, 120, 121).

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  At the pleading stage, plaintiff must allege enough facts to suggest that there are plausible grounds for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1974 (2007).

## Subject Matter Jurisdiction

Defendant Wisely was granted leave to file his motion to dismiss (Doc. No. 115). He seeks dismissal of Count II on the basis of sovereign immunity (Doc. No. 116). Wisely maintains that the Illinois Court of Claims has exclusive jurisdiction over the negligence claim asserted against him in Count II. Defendants Snyder, Harry, Flagg, Coleman, Holmes, Elyea, Aaron, and Broshears adopt Wisely's argument in their reply brief (Doc. No. 104).[1] Because the argument raises a jurisdictional defect, it is considered on behalf of these defendants.

At the time in question, defendants Wisely, Snyder, Harry, Flagg, Coleman, Holmes, Elyea, Aaron, and Broshears were state employees. Their relationship with the plaintiff existed solely because of plaintiff's confinement in a state prison facility.

A tort claim arising out of a state employee's breach of a duty that is imposed solely by virtue of his or her state employment is barred in any court other than the Illinois Court of Claims. *Currie v. Lao*, 148 Ill.2d 151 (1992); *Turner v. Miller*, 301 F.3d 599 (7th Cir. 2002). Because this Court lacks subject matter jurisdiction over plaintiff's state law negligence claim against these defendants, Count II should be dismissed as to defendants Wisely, Snyder, Harry, Flagg, Coleman, Holmes, Elyea, Aaron, and Broshears.

### Absence of Adequate § 2-622 Affidavit

The remaining defendants seek dismissal on the basis that plaintiff is asserting a medical negligence claim without a proper § 2-622 affidavit. To minimize frivolous medical malpractice suits, Illinois law requires a physician's certificate of merit and accompanying report. 735 Ill. Comp. Stat. 5/2-622 ; *McCastle v. Sheinkop*, 520 N.E.2d 293, 294 (Ill. App. 1987). The certificate

---

[1] Defendants Broshears and Coleman have changed their surnames. To avoid confusion, they are identified by their former names in this report.

must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 Ill. Comp. Stat. 5/2-622. A certificate and report must be filed "as to each defendant who has been named in the complaint." *Id.* Failure to abide by this requirement "shall be grounds for dismissal." *Id.* These are substantive requirements which must be followed in federal court. *Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir. 2000).

## I.      Necessity of 2-622 Affidavit

Plaintiff argues that an affidavit is not required because Count II is a common law action for negligence, which may be based on the doctrine of res ipsa loquitur, supported by lay opinions rather than expert medical testimony, or based on a theory of respondeat superior. He further suggests that a finding of negligence could be based on a finding that the defendants violated a statutory duty of care and that damages may be assessed for the lost chance of a full recovery.

By its terms, § 2-622 applies to any action "in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." *Nigohosian v. American Red Cross,* 838 F. Supp 371 (N.D. Ill. 1993). In *Woodard v. Krans*, 600 N.E.2d 477, 486 (Ill. App. 1992), an Illinois court found that Section 2-622 applies to a suit involving a decision or action involving the use of medical judgment:

> Where determining the standard of care requires applying distinctively medical knowledge or principles, however basic, the plaintiff must comply with section 2-622. A fortiori, where the standard of care involves procedures not within the grasp of the ordinary lay juror, the case is one for malpractice, rather than simple negligence.

*Id,* 600 N.E.2d at 486. Hence, an affidavit is required if plaintiff's negligence claim involves the application of a medical standard of care.

Plaintiff correctly notes that a certificate is not needed if a layperson could readily

understand that the conduct at issue was negligent.  This includes claims premised on the doctrine of res ipsa loquitur, which rests on common knowledge rather than expert medical opinion.  *See Heastie v. Roberts*, 877 N.E.2d 1064 (Ill. 2007)(patient burned by a fire while restrained in a hospital could rely on res ipsa loquitur to prove hospital negligence).

Because plaintiff is pro se, his allegations must be viewed liberally.  Plaintiff alleges that he did not receive proper medical attention or adequate treatment after a bone in his finger was broken and severely dislocated, with possible involvement of a tendon.  After his condition was evaluated by defendants Ruiz and Gupta, their decisions were reviewed or further evaluated by defendant Rayford.  An X-ray was not immediately obtained; MRI testing was not ordered; plaintiff was not immediately transferred to an outside hospital for diagnosis or treatment; the reviewing physicians performed incomplete evaluations; the injury was not surgically repaired; and follow-up care by a specialist was not arranged.

Count II includes a claim that the following defendants failed to exercise proper medical judgment in deciding what level of care would be provided for plaintiff's finger injury: St. Mary's Good Samaritan Hospital, Dr. Gupta, Dr. Ruiz, Dr. Rayford, and Wexford Health Sources (on a theory of respondeat superior).  This aspect of Count II presents a classic medical negligence claim.  While a lay person would recognize that a severely dislocated finger needs a doctor's attention, a medical standard will be applied to determine whether the decisions made by these defendants in selecting and providing medical care for the injury were negligent.  Because the appropriate ways to assess and treat a severe dislocation are not commonly known, the applicable standard will be established through medical expertise.  In short, before plaintiff may proceed on this aspect of his negligence claim, he must obtain and file a § 2-622 affidavit.

The other aspect of plaintiff's remaining negligence claim presents a closer question.  Plaintiff alleges that defendants Bochantin, Laurent, and Wexford failed to override poor medical

decisions made by others and/or failed to train their employees to do so. This claim appears to be an ordinary claim of negligent supervision or training, which may rest on a standard gleaned from management policy rather than medical expertise. *See Jackson v. Chicago Classic Janitorial and Cleaning Service, Inc.*, 823 N.E.2d 1055, 1060(Ill. App. 2005). To the extent that plaintiff alleges that his injury was caused by negligent supervision or training, it is not a claim of healing art malpractice. A § 2-622 affidavit should not be required to support this claim.

## II. Sufficiency of Affidavit

In August, 2002, plaintiff signed an affidavit stating that he researched a number of medical sources regarding the treatment of fractures and formed the opinion that he should have received emergency medical attention and additional medical treatment for his injury (Doc. No. 1-4, p. 4-6). Articles supporting plaintiff's opinion are attached to the Complaint (Doc. No. 1-4, 1-5). This affidavit does not satisfy the requirements of §2-622.

## Conclusion

IT IS RECOMMENDED that the motions to dismiss filed by defendants Wisely, Snyder, Harry, Flagg, Coleman, Holmes, Elyea, Aaron, and Broshears (Doc. Nos. 53, 79, 88, 116) be GRANTED. As to these defendants, Count II should be dismissed with prejudice for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that the motions to dismiss filed by defendants St. Mary's Good Samaritan Hospital, Gupta, and Ruiz (Doc. Nos. 49, 59, 117) be GRANTED. The medical negligence claim against these defendants should be dismissed without prejudice for failure to file an adequate §2-622 certificate of merit.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by defendants Rayford,, Laurant, and Wexford Health Sources (Doc. No. 56) be GRANTED in part and DENIED in part.

The medical negligence claim against these defendants should be dismissed without prejudice for failure to file an adequate §2-622 certificate of merit.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by defendant Bochantin (Doc. No. 84) be DENIED.

If these recommendations are adopted, Count I will proceed as a § 1983 claim against defendant Ruiz and Count II will proceed as a negligent supervision/negligent training claim against defendants Bochantin, Laurent, and Wexford Health Sources.

**SUBMITTED:**   *March 3, 2008* .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**